WILLIAM F. BRIDGE, Appellant, *v.* GEORGE F. PENNIMAN, Respondent.

*Court of Appeals, April* 19, 1887.

Affirming 51 N. Y. Super. Ct. 183.

*Appeal.*—Where the possible questions of law are inextricably involved in, and dependent upon, the conclusions of fact found by the referee upon conflicting evidence, the judgment of the general term sustaining his decision will be affirmed on appeal to the court of appeals.

Action to recover back the purchase money paid for certain shares of stock, on the ground that said purchase was induced by false representations on the part of defendant.

Appeal from a judgment of the general term of the New York Superior Court, affirming judgment entered on report of referee, dismissing complaint.

*William C. Holbrook,* for appellant.

*Joseph H. Choate,* for respondent.

FINCH, J.—That the plaintiff was induced to buy and pay for the stock of the oil company by representations of the defendant which were untruthful and incorrect, and so, upon a discovery of the facts, was at liberty to rescind the contract, and recover back the purchase money, is scarcely disputed on this appeal, and may be assumed without discussion.

The real controversy revolves about the inquiry whether the plaintiff did in fact rescind by tendering back, without conditions, the stock received; or whether, on the contrary, he used that stock, and its transfer to the defendant, as a new consideration for a new contract, by which he obtained

from the defendant a bond of indemnity with the protection of a surety added, against the liabilities to which he had become exposed by his official connection with the company. This appears to us to be a question of fact. The history of the transaction, as detailed by the adverse parties, runs upon different lines, and is colored by their respective theories. As a consequence, there is, to some extent, disagreement and contradiction between them; and where the facts themselves are not disputed, the inferences derivable from them as to the real nature of the transaction, and the true intent and understanding of the parties, are extremely divergent, and open to wide differences of opinion.

The plaintiff's theory is that, when the worthless character of the stock was fully ascertained, the defendant promised to protect his vendee from loss; that the latter tendered back the stock, and demanded the purchase money as a clear rescission of the contract; and that the indemnity given stood outside of that rescission, and rested independently upon the duty and liability of the defendant to indemnify, and upon his express promise so to do. This theory has been assailed with the criticism that the plaintiff transferred, not only the stock bought of defendant, but that purchased of other parties; and received from defendant a bond of indemnity which could not have been compelled, and which he was not bound to give, either by virtue of his general duty, or of any promise which he had made. It is argued, from the terms of the correspondence which passed between the parties, that the plaintiff steadily demanded the protection of a surety—the liability of some third person which would supplement that of the defendant—and so was seeking to obtain what he had no right to demand, and could not have compelled, and which, there fore, he chose to buy by a transfer of all the stock which he owned.

The theory of the defendant is that the arrangement was

made in that way ; that the plaintiff, by becoming the president of and a director in the oil company, stood exposed to a heavy and dangerous liability for its debts, in case of disaster, and above and beyond the total loss of his stock ; that he realized and conceded that he had not been willfully or purposely deceived ; and so concluded, as the wisest treatment of the misfortune, to lose his stock in exchange for adequate protection against threatened and further loss in addition. Attention is directed to a letter written by the defendant which it is claimed offered to plaintiff a choice of alternatives, and meant, in substance, that in the emergency the defendant would give to the plaintiff all his stock, if the latter would assume the risk of the corporate success or failure, and leave the defendant's loss measured only by the stock thus transferred ; or, on the other hand, if the plaintiff chose to give his stock to defendant, he might end his loss at that point, and the defendant would protect him by adequate security against any further injury. The letter is capable of such interpretation, and it is said presented to plaintiff's mind a choice of alternatives, one of which he adopted, and which fully explains and accounts for the transfer made and the bond given in return.

It seems to us apparent that the question thus raised depends almost wholly upon the view taken of the facts, and of the conflicting inferences which they originate. The referee has found as a fact that the plaintiff did not make an unconditional tender of his stock, but used it as his own, with which to purchase the indemnity received ; and refused to find in accordance with plaintiff's theory and version of what occurred. There are facts and inferences in the case from which that conclusion could fairly be drawn, although open to a doubt which manifested itself when the general term affirmed the judgment, by the dissent of one member of the court. The possible questions of law in the cases are inextricably involved in and dependent upon the conclusions of fact ; and accepting them as found by the referee, and

approved by the general term, it is clear that there was no rescission, but a new contract agreed upon and executed. The judgment should be affirmed, with costs.

All concur.